# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

UNITED STATES OF AMERICA,      )
                               )
v.                             )      CR 2:19-020-1
                               )
ALONZO DAVIS,                  )
                               )
       Defendant.              )

## ORDER

Before the Court is Defendant Alonzo Davis's motion for early termination of supervised release. Dkt. No. 161. For the reasons below, Defendant's motion is **DENIED**.

Pursuant to a written plea agreement, Defendant pleaded guilty to a lesser included offense of Count 1 of the Indictment, that is, conspiracy to possess with intent to distribute, and to distribute, controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 and 18 U.S.C. § 2. Dkt. Nos. 65, 102. On June 15, 2020, Defendant was sentenced to eighty-two months' imprisonment, followed by three years of supervised release. Dkt. No. 102. The Court further ordered special conditions of supervision, as well as a $100 special assessment and $7,5000 in restitution. Id.

On or about August 16, 2023, Defendant was released from Bureau of Prisons' custody and commenced his term of supervision. Defendant has completed over twenty-six months of

his thirty-six-month term of supervision.  Defendant now moves the Court for early termination of his supervised release.  Dkt. No. 161.

In his motion, Defendant states he has worked two jobs since his release, he has passed all drug screens, and he is dedicated to his family.  Id.  The Court also notes Defendant has a stable residence and has complied with all conditions of supervision.  However, the Government opposes Defendant's motion because Defendant still owes $4,515 in restitution.

Under 18 U.S.C. § 3583(e)(1), a "court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and in the interests of justice."

The Court commends Defendant for the positive strides he has made while under supervision.  However, Defendant's outstanding restitution balance weighs heavily against early termination of supervision.  Accordingly, Defendant's motion, dkt. no. 161, is **DENIED** at this time.  Should Defendant satisfy the restitution

requirement, Defendant may renew his motion for early termination.

**SO ORDERED** this ___3___ day of November, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA